1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| MULTIMEDIA PATENT TRUST, | CASE NO. 07-CV-0747 H (CAB) |
| Plaintiff, | |
| v. | |
| MICROSOFT CORPORATION, GATEWAY INC., GATEWAY PROFESSIONAL LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC, GATEWAY DIRECT, INC., GATEWAY U.S. RETAIL, INC., and DELL INC., | **PROTECTIVE ORDER BASED ON JOINT MOTION FOR PROTECTIVE ORDER BY MULTIMEDIA PATENT TRUST, LUCENT TECHNOLOGIES, INC, MICROSOFT CORPORATION, GATEWAY, AND DELL, INC.** |
| Defendants. | |
| MICROSOFT CORPORATION, GATEWAY INC., GATEWAY PROFESSIONAL LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC, GATEWAY DIRECT, INC., GATEWAY U.S. RETAIL, INC., and DELL INC., | |
| Counterclaimants, | |
| v. | |
| MULTIMEDIA PATENT TRUST, | |
| Counter-defendant. | |

26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MICROSOFT CORPORATION, GATEWAY INC., GATEWAY PROFESSIONAL LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC, GATEWAY DIRECT, INC., GATEWAY U.S. RETAIL, INC., and DELL INC.,

Third-party Plaintiffs

v.

LUCENT TECHNOLOGIES INC.

Third-Party Defendant.

On October 17, 2007, the parties submitted a joint motion for protective order. (Doc. No. 150.) The Court has reviewed the stipulated form of the protective order and made certain changes to it, thus creating the present order which the court now adopts.

WHEREAS, the parties in the above-captioned actions believe that discovery may involve the disclosure of confidential, trade secret, proprietary, technical, scientific, business, or financial information of a party or of a non-party;

WHEREAS, the parties desire to establish a mechanism to protect the disclosure of such information in these actions;

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, **IT IS HEREBY ORDERED THAT**:

1.     For purposes of this Protective Order, the following definitions shall apply:

(a)     The term "DOCUMENT" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and shall include without limitation any records, exhibits, reports, samples, transcripts, video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, answers to Interrogatories, responses to requests for admissions, or motions, including copies or computer-stored versions of any of the foregoing.

(b)     The term "DISCLOSING PARTY" is defined herein as any party or non-party who is requested to produce or produces documents or testimony containing confidential information.

(c)     The term "CONFIDENTIAL INFORMATION" is defined herein as information which has not been made public, the disclosure of which the disclosing party contends could cause harm to the business operations of the disclosing party or provide improper advantage to others, including but not limited to, trade secrets within the meaning of the Uniform Trade Secrets Act. For the avoidance of doubt, the term "trade secrets," as used in this paragraph, does not include "source code," which is covered by Paragraphs 1(d), 2(a) and 2(b).

(d)     The term "OUTSIDE COUNSEL ONLY INFORMATION" is defined herein as CONFIDENTIAL INFORMATION that is commercial, financial or marketing in nature and that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to an employee of a receiving party would reveal business or financial information or advantages of

the disclosing party.  It includes information that the designating party reasonably and in good faith

believes has significant competitive value and that relates to (1) current business/strategic plans, (2)

sales, cost and price information including future sales/financial projections, (3) non-public

marketing information including future marketing plans, (4) detailed sales and financial data, (5)

customer lists, (6) other information of competitive, financial, or commercial significance

comparable to the items listed in this paragraph, or (7) non-public computer source code, including

any proprietary software source code or firmware source code.  The disclosure of documents and

information covered by item (7) of this paragraph shall be controlled by Paragraphs 2(a) and 2(b)

concerning source code.  For the avoidance of doubt, item (6) of this paragraph includes documents

related to licensing, licensing policies, and licensing negotiations.

(e)     "Outside Service Organization" is defined herein as an individual or organization

that provides photocopying, document processing, translation or graphics services to counsel as part

of discovery or preparation and trial of these actions.

(f)     "Support Staff" is defined herein as permanent employees of counsel for the parties,

including paralegals, clerical personnel and secretarial personnel.

(g)     "Mock Jurors and Jury Consultants" are defined as mock jurors or jury consultants

retained by a party in preparation for trial for this litigation.  For any jury research, an appropriate

screening must be used to ensure that the jury consultant(s) and mock jurors chosen for any mock

jury are not current or former officers, directors, employees or consultants of any party or direct

competitors of any party.  Each jury consultant must agree to be bound by the terms of this

protective order and must execute the agreement in Exhibit A.  Each mock juror must agree to be

bound by and execute the agreement in Exhibit B.  The party retaining the mock jurors or jury

consultants shall retain the executed agreements.

2.     The parties agree that in responding to any request for production or interrogatory,

the responding party has the option of referring to documents produced previously in case numbers

06-CV-0684-B (CAB); 02-CV-2060-B (CAB) consolidated with Case No. 03-CV-0699-B (CAB),

Case No. 03-CV-1108-B (CAB); or 07-CV-2000-H (CAB).  When referring to previously produced

information, the party will identify, by date and number, the previous request for production and/or

1   the previous interrogatory in response to which the information was produced.  Alternatively, the

2   responding party may reproduce the requested information.

3        3.     If, in the course of this litigation, a party undertakes or is caused to disclose what the

4   disclosing party contends is CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL

5   ONLY INFORMATION, the procedures set forth herein shall be employed and the disclosure

6   thereof shall be subject to this Protective Order.  CONFIDENTIAL INFORMATION shall be used

7   solely in the preparation, prosecution or trial of Case No. 07-CV-0747 H (CAB).

8        (a)     Production of OUTSIDE COUNSEL ONLY INFORMATION comprising computer

9   source code, related either to software or firmware, is subject to the following provisions:

10        (i)     The receiving party shall identify to the disclosing party which features of the

11   disclosing party's accused software, or firmware, infringe specific claims of the receiving party's

12   patents.

13        (ii)     If the receiving party has fulfilled the requirements of subsection (i) of this

14   paragraph, the disclosing party shall provide to the receiving party the source code for the

15   module(s) or portion(s) corresponding to the features that the receiving party alleges infringe its

16   patent claims.

17        (b)     For the avoidance of doubt, "source code" includes, but is not limited to, source files,

18   make files, intermediate output files, header files, resource files, library files, module definition

19   files, map files, object files, linker files, browse info files, and debug files.

20        4.     By entering this Order and limiting the disclosure of information in this case, the

21   Court does not intend to preclude another court from finding that any information may be relevant

22   and subject to disclosure in another case.  Any person or party subject to this Order that may be

23   subject to a motion to disclose another party's information designated under one of the categories of

24   confidentiality pursuant to this Order, shall promptly notify that party of the motion so that it may

25   have an opportunity to appear and be heard on whether that information should be disclosed.

26        5.     Any document which contains CONFIDENTIAL INFORMATION should be so

27   designated by the disclosing party prior to or at the time of disclosure by placing the notation

28   "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" on every page of each document so

1   designated.  In the case of CONFIDENTIAL INFORMATION disclosed in a non-paper medium,

2   (*e.g.*, videotape, audiotape, computer disks, etc.), the notation "CONFIDENTIAL" or "OUTSIDE

3   COUNSEL ONLY" should be placed on the medium, if possible, and its container, if any, so as to

4   clearly give notice of the designation.  Such designation is deemed to apply to the document itself

5   and to the CONFIDENTIAL INFORMATION contained therein.  If any items produced in a non-

6   paper medium are printed out by the receiving party, the receiving party must mark each page of the

7   printed version with the confidentiality designation.

8           6.      The inadvertent failure to designate CONFIDENTIAL INFORMATION as

9   "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" prior to or at the time of disclosure shall

10  not operate as a waiver of a disclosing party's right to designate said information as

11  "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY."  In the event that CONFIDENTIAL

12  INFORMATION is designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" after

13  disclosure, a receiving party shall employ reasonable efforts to ensure that all such information is

14  subsequently treated as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" pursuant to the

15  terms of this Protective Order.  Disclosure of such CONFIDENTIAL INFORMATION to persons

16  not authorized to receive that information prior to receipt of the confidentiality designation shall not

17  be deemed a violation of this Protective Order.  However, in the event the document has been

18  distributed in a manner inconsistent with the designation, a receiving party will take the steps

19  necessary to conform distribution to the designation:  i.e., returning all copies of the

20  "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" document, or notes or extracts thereof, to

21  the persons authorized to possess such documents.  In the event distribution has occurred to a

22  person not under the control of a receiving party, a request for return of the document, and for an

23  undertaking of confidentiality, shall be made in writing.  In the event the request is not promptly

24  agreed to in writing, or in the event there is no response, or in the event that the party deems the

25  making of the request to be a useless act, the party shall promptly notify the disclosing party of the

26  distribution and all pertinent facts concerning it, including the identity of the person or entity not

27  under the control of the receiving party.

28

7.       Access to CONFIDENTIAL INFORMATION, not including OUTSIDE COUNSEL ONLY INFORMATION, shall be limited to the following individuals:  (a) counsel of record in these actions (including counsel's Support Staff and Outside Service Organizations); (b) court reporters and videographers taking testimony and their support personnel; (c) the Court and any authorized Court Personnel; (d) Mock Jurors and Jury Consultants; (e) independent consultants and experts retained by counsel for assistance with respect to this litigation who are designated by each party respectively pursuant to paragraph 10 below, including such consultant's or expert's necessary clerical and support staff; and (f) no more than five (5) officers or employees (including in-house counsel) designated by each party respectively pursuant to paragraph 16 below.

8.       In no event shall CONFIDENTIAL INFORMATION be stored at any business premises of the receiving party unless such information is stored in a secured area and accessible only to persons eligible to review such information.

9.       Access to OUTSIDE COUNSEL ONLY INFORMATION, other than papers or pleadings filed with the Court (but excluding exhibits attached to such papers and pleadings), shall be limited to the following individuals:  (a) counsel of record in these actions (including counsel's Support Staff and Outside Service Organizations, but not in-house counsel); (b) court reporters and videographers taking testimony and their support personnel; (c) the Court and any authorized Court Personnel; (d) Mock Jurors and Jury Consultants; and (e) independent consultants and experts retained by counsel for assistance with respect to this litigation who are designated by each party respectively pursuant to paragraph 10 below, including such consultant's or expert's necessary clerical and support staff.

10.      Papers or pleadings, including briefs and declarations or affidavits, but excluding exhibits to such papers, filed with the Court, and drafts thereof, which contain or refer to OUTSIDE COUNSEL ONLY INFORMATION shall be treated as if designated CONFIDENTIAL INFORMATION, in order to permit litigation counsel to adequately communicate with their respective clients and keep their clients informed as to the status and progress of the litigation. OUTSIDE COUNSEL ONLY INFORMATION shall not be stored at any business premises of any party.

11.     Prior to disclosing any CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL ONLY INFORMATION, to outside experts or consultants, the party seeking to disclose such information shall provide the other party with:  (i) the name of the person; (ii) the present employer and title of the person; (iii) an up-to-date curriculum vitae of the person; and (iv) an identification of any work performed for or on behalf of the other party by that person within the six (6) year period before the filing of the above-captioned action.  This information shall be sent by facsimile.  Within five (5) business days of receipt of this information, the other party may object to the proposed outside expert or consultant on a reasonable basis.

(a)     If objection to disclosure is made within the time required, the plaintiff and defendant shall meet and confer within five (5) business days; and, if not resolved, the party disclosing the information shall move for a protective order precluding the disclosure of the information to the designated expert or consultant within five (5) business days after the meet and confer;

(b)     Where objection is made, no such information shall be disclosed to the consultant or expert until the day after the last day to file a motion for a protective order (where no protective order is sought), or upon entry of the Court's order denying the producing party's motion for protection.

(c)     Failure to object to a proposed outside expert or consultant shall not preclude the nonobjecting party from later objecting to continued access by that outside expert or consultant where facts suggesting a basis for objection could not have been discovered by the objecting party or its counsel, exercising due diligence, within the period for making a timely objection.  If a later objection is made, no further CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL ONLY INFORMATION, shall be disclosed to the outside expert or consultant until the matter is resolved by the court or the producing party withdraws its objection.  If an objection is made, the plaintiff and defendant shall meet and confer within five (5) business days; and, if not resolved, the party disclosing the information shall move for a protective order precluding the disclosure of the information to the designated expert or consultant within five (5) business days after the meet and confer.

12.     CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL ONLY INFORMATION, or the substance or context thereof, including any notes, memoranda or other similar documents relating thereto, shall not be disclosed or summarized, either in writing or orally, to anyone other than persons permitted to have access to such information under this Order. Nothing herein, however, is intended to prohibit or proscribe the ability of outside counsel for the receiving party from providing to the client informed and meaningful advice solely with respect to these actions or to prevent counsel from aggregating such information or summarizing such information for the client so long as it will not reveal or disclose competitively useful information, such as trade secrets, source code, research and development projects, marketing plans and strategies, testing information and customer-specific information.

13.     Nothing herein is intended to prevent showing a document designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" to a person who the document indicates is an author or authorized recipient of the document.  No copies of such documents shall be given to such individuals for them to retain.  During deposition or trial testimony, counsel may disclose documents produced by a party to current employees and officers of the disclosing party.

14.     A disclosing party will use reasonable care to avoid designating any document or information as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" which is not entitled to such designation or which is generally available to the public.

15.     Any receiving party disagreeing with the designation of any document or information as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" shall notify the disclosing party in writing.  The disclosing party shall then have a reasonable period, not exceeding fourteen (14) days, from the date of receipt of such notice to:  (1) advise the receiving party whether or not the disclosing party persists in such designation; and (2) if the disclosing party persists in the designation, to explain the reasons for the particular designation.  The receiving party may then, after advising the disclosing party, move the Court for an order removing the particular designation and replacing it with a different designation or no designation.  The party asserting that the document or information is "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" shall have the burden of proving that the designation is proper.  Information designated "CONFIDENTIAL" or

"OUTSIDE COUNSEL ONLY" by a disclosing party shall be treated as such by a receiving party unless otherwise agreed to by the parties or otherwise ordered by the Court or by any appellate court, should appellate review be sought.

16.     The failure of a receiving party to expressly challenge a claim of confidentiality or the designation of any document or information as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" at the time of disclosure shall not constitute a waiver of the right to assert at any subsequent time that the same is not in fact confidential or not an appropriate designation for any reason.

17.     Each party may designate up to five (5) employees (including in-house counsel) not involved in product design or patent prosecution, and who have no current plans or intentions to become involved in product design or patent prosecution, who shall be allowed to examine documents produced by the opposing party that have been designated "CONFIDENTIAL."  Notice of the names, titles and job responsibilities at present and for the last three (3) years of those employees shall be served upon the other parties after entry of this Order.  Service shall be made by facsimile.  No CONFIDENTIAL INFORMATION shall be disclosed to those employees unless, after five (5) business days from date of receipt of the notice of the employee's name, title and job responsibilities, the disclosing party has not objected to disclosure of the information to the designated employee.  Objections must be reasonable.

(a)     If objection to disclosure is made within the time required, the parties shall meet and confer within five (5) business days; and, if not resolved, the objecting party shall move for a protective order precluding the disclosure of the information to the designated employee within five (5) business days after the meet and confer.

(b)     Where objection is made, no such information shall be disclosed to the employee until the day after the last day to file a motion for a protective order (where no protective order is sought), or upon entry of the Court's order denying movant's motion for a protective order (where a protective order is sought).

18.     If an attorney for any receiving party desires to give, show, make available or communicate (a) any document or information designated "CONFIDENTIAL" to a person not authorized by paragraph 6 to receive such documents or (b) any document or information

designated "OUTSIDE COUNSEL ONLY" to a person not authorized by paragraph 8 to receive such documents, the attorney must first disclose that person's name, a statement of that person's responsibilities that require access to such information, a specific identification of the information to which access is required by document identification number or other specific reference, and a brief statement as to why such access is necessary.  Service shall be made by facsimile.  The producing party shall have five (5) days after receiving the above-described information to object in writing to such disclosure.  Pending resolution of any informal or formal petition for disclosure, no disclosure shall be made to such person.  If the disclosing party who so designated the document refuses to give its consent, the disclosing and receiving parties shall confer to attempt to resolve the reasons for withholding consent.  If an agreement cannot be reached, the receiving party desiring disclosure of the confidential document or information may petition the Court for an order granting disclosure.

19.    Each person to whom documents or information designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" is made available under the terms of this Protective Order (other than counsel for the parties, counsel's Support Staff, Outside Service Organizations, the Court and authorized Court Personnel, court reporters and videographers taking testimony and their support staff), must sign an agreement in the form attached hereto as Exhibit A or Exhibit B.  Except for Mock Jurors and Jury Consultants, a copy of each executed agreement shall be delivered to opposing counsel at least five (5) days prior to any disclosure of such information.

20.    If during the course of any deposition, and not later than fourteen (14) days after the receipt of a written transcript of such deposition, counsel for any disclosing party asserts (either on the record at the deposition or in writing after the deposition) that the deposition transcript, or any specific inquiry, or an answer to a specific inquiry is subject to the designation "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" that transcript, inquiry, or answer shall be treated as provided by this Protective Order for documents designated "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY."

21.    Counsel for any disclosing party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter, and videographer (if any),

Case No. 07-CV-0747 H (CAB)
PROTECTIVE ORDER

1   any person who is not authorized by this Protective Order to receive documents or information

2   designated "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY."  Such right of exclusion shall

3   be applicable only during periods of examination or testimony directed to or comprising

4   "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" information.

5        22.     Any court reporter or videographer who records testimony in these actions at a

6   deposition shall be provided with a copy of this Protective Order by the party noticing the

7   deposition.  That party shall advise the court reporter or videographer, before any testimony is

8   taken, that all documents, information, or testimony designated "CONFIDENTIAL" or "OUTSIDE

9   COUNSEL ONLY" is and shall remain confidential and shall not be disclosed except as provided in

10  this Protective Order.  The noticing party shall further advise the court reporter and videographer

11  that copies of all transcripts, reporting notes and all other records of any such testimony must be

12  treated in accordance with this Protective Order, delivered to attorneys of record, or filed under seal

13  with the Court.

14       23.     Nothing shall be filed under seal with the Court, and the Court shall not be required

15  to take any action, without separate prior order by the Judge before whom the hearing or proceeding

16  will take place, after application by the affected party with appropriate notice to opposing counsel.

17  In the event that CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL ONLY

18  INFORMATION, is included with, or the contents thereof are in any way disclosed in, any

19  pleading, motion, deposition, transcript or other paper a party files with the Clerk of this Court, the

20  party may make an advance or simultaneous application to the Judge to have such paper filed under

21  seal.

22       (a)     To the extent that the CONFIDENTIAL INFORMATION in the pleading, motion,

23  deposition, transcript, or other paper was produced subject to this Protective Order by a disclosing

24  party other than the party filing such paper, and the party desires to file the paper under seal solely

25  to comply with its obligations under this Protective Order, the application shall state that the

26  information was produced subject to this Protective Order, and that the party is filing the application

27  to maintain the information in confidence pursuant to this Protective Order.  The party filing the

28  paper containing the CONFIDENTIAL INFORMATION and the application shall promptly serve

Case No. 07-CV-0747 H (CAB)
PROTECTIVE ORDER

the application on the disclosing party.  The disclosing party shall have five (5) calendar days to file with the Court a supplemental application to maintain the paper containing its CONFIDENTIAL INFORMATION under seal.

(b)     Pending the Judge's ruling on the application to file a paper under seal, the paper containing the CONFIDENTIAL INFORMATION shall be lodged with the Court in sealed envelopes or containers marked with the caption of the case, a general description of the contents of the envelope or container and a legend substantially in the following form:

**"CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO**
**A COURT ORDER – TO BE OPENED ONLY BY OR AS**
**DIRECTED BY THE COURT."**

Upon an order of the Judge permitting the paper to be filed under seal, the document shall be filed and kept under seal by the Clerk of the Court until further order of this Court.  If the application to seal is denied, the lodged information will be returned to the party submitting the application to seal.

(c)     Unless a paper being filed consists entirely of CONFIDENTIAL INFORMATION, the party filing the paper containing the CONFIDENTIAL INFORMATION shall simultaneously (or soon thereafter) file a public version of the paper with the CONFIDENTIAL INFORMATION, including any OUTSIDE COUNSEL ONLY INFORMATION, redacted, and the complete unredacted documents as well as the redacted documents shall be furnished to the outside counsel for the parties.  For example, where a party files a memorandum of points and authorities, legal argument and citations to legal authority shall remain unredacted in the public filing, and the memorandum shall be redacted only to the extent necessary to protect the CONFIDENTIAL INFORMATION.

24.     Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests and analyses of such information for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a

1  data retrieval system used in connection with this litigation, provided that access to such

2  information, whatever form stored or reproduced, shall be limited to qualified recipients.

3      25.    Documents or information designated "CONFIDENTIAL" or "OUTSIDE

4  COUNSEL ONLY" shall be maintained in the custody of counsel for the parties except that:  (a)

5  any court reporter who transcribes testimony given in these actions may maintain any such

6  designated documents for the purpose of rendering his or her normal transcribing services; and (b)

7  partial or complete copies of these documents may be retained by persons entitled to access of such

8  documents under the terms of this Order to the extent necessary for their study, analysis and

9  preparation of the case.  A person with custody of documents designated "CONFIDENTIAL" or

10  "OUTSIDE COUNSEL ONLY" shall maintain them in a manner that limits access to those persons

11  entitled under this Order to examine the documents so designated.

12      26.    Should any document or information designated as "CONFIDENTIAL" or

13  "OUTSIDE COUNSEL ONLY" be disclosed, through inadvertence or otherwise, to any person or

14  party not authorized under this Order, then the party responsible for the inadvertent disclosure shall

15  use its best efforts to bind such person to the terms of this Order; and shall (a) promptly inform such

16  person of all the provisions of this Order; (b) request such person to sign the agreement in the form

17  attached hereto as Exhibit A; and (c) identify such person immediately to the disclosing party that

18  designated the document as confidential.  The executed agreement shall promptly be served upon

19  the party that designated the document as confidential.

20      27.    Where discovery is provided by allowing access to the documents or tangible things

21  for inspection instead of delivering copies of them, all items being inspected shall be deemed

22  OUTSIDE COUNSEL ONLY INFORMATION until the party allowing access to them indicates

23  otherwise in writing or delivers copies of them to the party seeking discovery with no

24  "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" designation.  If a party believes that

25  inspection, measuring, testing, sampling, or photographing of that party's processes, products,

26  equipment, premises, or other property pursuant to Fed. R. Civ. P. 34 will reveal or disclose

27  information that is in good faith deemed CONFIDENTIAL INFORMATION or OUTSIDE

28  COUNSEL ONLY INFORMATION, that party shall advise in advance the party seeking such

discovery that the inspection, measuring, testing, sampling, or photographing will be permitted only on a confidential basis, and that the information discovered, and any information derived from that information, shall be treated as CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL ONLY INFORMATION.

28.     The purpose of this Order is to facilitate discovery in this litigation, and in no manner shall it affect the application of any state or federal law regarding confidentiality of information.

29.     The terms of this Order shall in no way affect a disclosing party's right to (a) withhold information on grounds of immunity from discovery such as, for example, attorney/client privilege or the work-product doctrine, or (b) reveal or disclose to anyone any documents or information designated by that party as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY." Where a receiving party designates a document "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" solely because it contains the confidential information of a disclosing party (for example, in a pleading or brief), nothing limits the disclosing party from showing the designated document to anyone; such documents will be designated to identify the party whose confidential information is contained therein in addition to the confidentiality designation, for example, "CONFIDENTIAL – CONTAINS LUCENT DESIGNATED INFORMATION."

30.     The restrictions and obligations set forth herein relating to information designated "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" shall not apply to any information which: (a) the parties agree, or the Court rules, is already public knowledge; (b) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by a receiving party, its employees or agents in violation of this Protective Order; or (c) has come into a receiving party's legitimate possession independently of the producing party.  Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any information designated "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" if that person already has or obtains legitimate possession thereof.  Legitimate possession does not include obtaining confidential information from a person disclosing such information in violation of a non-disclosure or other confidentiality agreement.

31.     Unless counsel agrees otherwise in writing, within sixty (60) days of the final disposition of this action including any appeals, the attorneys for the parties shall return promptly to the disclosing party or witness from whom they were obtained, all documents, other than attorney work-product, which have been designated "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY," or destroy same; and return or destroy all copies made thereof, including all documents, or copies provided by a receiving party to any other person.  Notwithstanding the foregoing, counsel for the parties shall be permitted to retain a file copy of materials created during the course of the litigation, or made part of the record, or which have been filed under seal with the Clerk of the Court and a copy of all depositions, including exhibits, and deposition evaluations.  Such file copies must be maintained under the conditions of "OUTSIDE COUNSEL ONLY" documents as set out in paragraph 8.  At the conclusion of this 60-day period, an in-house counsel designated under paragraph 16 shall represent in writing under penalty of perjury that to his or her knowledge and belief the company has either returned or destroyed all confidential information in accordance with this order.

32.     In the event any person or receiving party having possession, custody or control of any document or information produced in these actions and designated "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" by a disclosing party receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall notify by mail the attorneys of record of the disclosing party claiming such confidential treatment of the document sought by such subpoena or other process or order, shall furnish those attorneys with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected.  The disclosing party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order.  The person or party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the disclosing party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

33.     This Court retains jurisdiction even after termination of this action to enforce this Order and to make such amendments, modifications, deletions and additions to this Protective Order

1   as the Court may from time to time deem appropriate.  The disclosing parties reserve all rights to

2   apply to the Court at any time, before or after termination of these actions, for an order:  (i)

3   modifying this Protective Order, (ii) seeking further protection against discovery or use of

4   CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL ONLY INFORMATION, or

5   other documents or information, or (iii) seeking further production, discovery, disclosure, or use of

6   claimed CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL ONLY

7   INFORMATION, or other documents or information.

8          34.     If a disclosing party inadvertently discloses information that is privileged or

9   otherwise immune from discovery, the disclosing party shall promptly upon discovery of the

10  disclosure so advise the receiving party in writing and request that the item or items of information

11  be returned, and if that request is made, no party to these actions shall thereafter assert that the

12  disclosure waived any privilege or immunity.  It is further agreed that the receiving party will return

13  or destroy the inadvertently produced item or items of information, and all copies and derivations,

14  within five (5) business days of the earliest of (a) discovery by the receiving party of the inadvertent

15  production, or (b) the receiving party receiving a written request for the return of the information.

16  The party having returned the inadvertently produced item or items of information may thereafter

17  seek production of the information in accordance with the Federal Rules of Civil Procedure.

18  However, the inadvertent production of privileged or otherwise protected materials cannot be a

19  basis for seeking production.

20         35.     If the discovery process calls for the production of information that a party does not

21  wish to produce because the party believes its disclosure would breach an express or implied

22  agreement with a non-party to maintain such information in confidence, the disclosing party shall

23  give written notice to the non-party that its information is subject to discovery in this litigation, and

24  shall provide the non-party with a copy of this Protective Order.  Written notice shall be made by

25  facsimile.  When such written notice is given to the non-party, the disclosing party will advise the

26  potential receiving party that such notice has been given.  The non-party shall have fourteen (14)

27  calendar days from receipt of the written notice in which to object to the disclosure in writing, if the

28  non-party so desires.  If the fourteen (14) calendar days elapse without the third party objecting to

Case No. 07-CV-0747 H (CAB)
PROTECTIVE ORDER

the disclosure, the requested information shall be produced in accordance with the terms of this Protective Order.  If the non-party objects, no disclosure shall be made unless the non-party subsequently authorizes disclosure in writing or by court order.  The requesting party may move the Court for an order to compel the non-party to produce or allow production of the information.

36.     It is understood that no person or party shall incur liability with respect to any disclosure by the receiving party of CONFIDENTIAL INFORMATION, including OUTSIDE COUNSEL ONLY INFORMATION, that was inadvertently disclosed without proper designation by the disclosing party, provided the disclosure by the receiving party occurred prior to the receipt by the receiving party of a notice of the inadvertent disclosure without proper designation.

37.     For good cause shown or in recognition of public policy considerations, the Court may modify or vacate this Order and/or any order that the filing of an item with the Court be or remain under seal.

38.     This Order and any orders entered by the Court permitting materials to be filed and maintained under seal shall survive the termination of this case.  The Court's jurisdiction over this Order and any orders permitting materials to be filed and maintained under seal shall survive the termination of the case.

IT IS SO ORDERED.

Dated: November 8, 2007

_____
Marilyn L. Huff, DISTRICT JUDGE

UNITED STATES DISTRICT COURT

**IT IS SO STIPULATED:**

Dated: October 17, 2007       By:      s/David A. Hahn
                                       David A. Hahn (SBN 125784)
                                       HAHN & ADEMA

                                       John M. Desmarais
                                       Robert A. Appleby
                                       KIRKLAND & ELLIS LLP
                                       153 East 53rd Street
                                       New York, New York 10022
                                       Telephone:  (212) 446-4800
                                       Facsimile:  (212) 446-4900

                                       Ephraim D. Starr (SBN 186409)
                                       KIRKLAND & ELLIS LLP
                                       777 South Figueroa Street
                                       Los Angeles, California 90017-5800
                                       Telephone:  (213) 680-8400
                                       Facsimile:  (213) 680-8500

                                       Attorneys for *Multimedia Patent Trust* and
                                       *Lucent Technologies Inc.*

Dated: October 17, 2007       By:      s/Laura S. Garner
                                       John E. Gartman (SBN 152300)
                                       Christopher S. Marchese (SBN 170239)
                                       Shekhar Vyas (SBN 229853)
                                       FISH & RICHARDSON P.C.
                                       4350 La Jolla Village Drive, Suite 500
                                       San Diego, California 92122
                                       Telephone:  (858) 678-5070
                                       Facsimile:   (858) 678-5099

                                       Attorneys for *Microsoft Corporation*

Dated: October 17, 2007       By:      s/John Newby
                                       James S. Blackburn
                                       Joseph A. Micallef
                                       ARNOLD & PORTER LLP
                                       555 Twelfth Street, N.W.
                                       Washington, D.C.  20004
                                       Telephone:  202-942-5000
                                       Facsimile:  202-942-5999

                                       Joel M. Freed
                                       McDERMOTT WILL & EMERY LLP
                                       600 13th Street, N.W.
                                       Washington, DC  20005
                                       Telephone:  202.756.8000
                                       Facsimile:  202.756.8087

                                       Attorneys for *Dell, Inc.*

1

Dated: October 17, 2007          By:          s/Jeffrey B. Plies

2

Bryan Farney
Steven R. Daniels
Jeffrey B. Plies

3

DECHERT LLP
300 W. Sixth Street, Suite 1850

4

Austin, TX 78701
Tel:  (512) 394-3000

5

Fax:  (512) 394-3001

6

Attorneys for *Gateway*

7

8

### **DECLARATION OF CONSENT**

9

I, David A. Hahn, hereby attest:

10

1.      Concurrence in the filing of the above document has been obtained from Lara S.

11

Garner, counsel for Microsoft, Jeff Plies, counsel for Gateway, and John Newby, counsel for Dell

12

which shall serve in lieu of their signatures on the document.

13

Dated: October 17, 2007          By:          s/David A. Hahn

David A. Hahn

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 07-CV-0747 H (CAB)
PROTECTIVE ORDER

1

**EXHIBIT A**

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| MULTIMEDIA PATENT TRUST, | CASE NO. 07-CV-0747 H (CAB) |
| Plaintiff, | |
| v. | |
| MICROSOFT CORPORATION, GATEWAY INC., GATEWAY PROFESSIONAL LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC, GATEWAY DIRECT, INC., GATEWAY U.S. RETAIL, INC., and DELL INC., | **AGREEMENT CONCERNING INFORMATION COVERED BY PROTECTIVE ORDER IN CASE NO. 07-CV-0747 H (CAB) BETWEEN MULTIMEDIA PATENT TRUST, LUCENT TECHNOLOGIES, INC, MICROSOFT CORPORATION, GATEWAY, AND DELL, INC.** |
| Defendants. | |

11

12

13

14

15

16

17

18

| |
|---|
| MICROSOFT CORPORATION, GATEWAY INC., GATEWAY PROFESSIONAL LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC, GATEWAY DIRECT, INC., GATEWAY U.S. RETAIL, INC., and DELL INC., |
| Counterclaimants, |
| v. |
| MULTIMEDIA PATENT TRUST, |
| Counter-defendant. |

19

20

21

22

23

24

25

26

27

28

1

2

MICROSOFT CORPORATION, GATEWAY
INC., GATEWAY PROFESSIONAL LLC,
GATEWAY COMPANIES, INC., GATEWAY
MANUFACTURING LLC, GATEWAY
DIRECT, INC., GATEWAY U.S. RETAIL, INC.,
and DELL INC.,

3

4

5
                  Third-party Plaintiffs

6
         v.

7

LUCENT TECHNOLOGIES INC.

8
                 Third-Party Defendant.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1    The undersigned hereby acknowledges that he (she) has received and read the

2  Protective Order entered in the United States District Court for the Southern District of California

3  on _____, in connection with the above-captioned actions, and understands its

4  terms and agrees to be bound by each of those terms.  Specifically, and without limitation upon

5  such terms, the undersigned agrees not to use or disclose any confidential information made

6  available to him (her) other than in accordance with said Order.  The undersigned further submits

7  to jurisdiction of this Court for purposes of the Protective Order in these actions.

8

9  Dated: _____

10

11  By:    _____
             (signature line)

12

13         _____
             (type or print name of individual)

14

15  Of:    _____
             (name of employer)

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**EXHIBIT B**

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| MULTIMEDIA PATENT TRUST, | CASE NO. 07-CV-0747 H (CAB) |
| Plaintiff, | |
| v. | |
| MICROSOFT CORPORATION, GATEWAY INC., GATEWAY PROFESSIONAL LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC, GATEWAY DIRECT, INC., GATEWAY U.S. RETAIL, INC., and DELL INC., | **AGREEMENT OF MOCK JUROR CONCERNING INFORMATION COVERED BY PROTECTIVE ORDERED ENTERED IN CASE NO. 07-CV-0747 H (CAB) BETWEEN MULTIMEDIA PATENT TRUST, LUCENT TECHNOLOGIES, INC, MICROSOFT CORPORATION, GATEWAY, AND DELL, INC.** |
| Defendants. | |
| MICROSOFT CORPORATION, GATEWAY INC., GATEWAY PROFESSIONAL LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC, GATEWAY DIRECT, INC., GATEWAY U.S. RETAIL, INC., and DELL INC., | |
| Counterclaimants, | |
| v. | |
| MULTIMEDIA PATENT TRUST, | |
| Counter-defendant. | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MICROSOFT CORPORATION, GATEWAY INC., GATEWAY PROFESSIONAL LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC, GATEWAY DIRECT, INC., GATEWAY U.S. RETAIL, INC., and DELL INC.,

                Third-party Plaintiffs

        v.

LUCENT TECHNOLOGIES INC.

                Third-Party Defendant.

Case No. 07-CV-0747 H (CAB)
Ex B - PROTECTIVE ORDER

I, _____ declare and state that:

1.     My present residential address is _____

_____.

2.     I understand that I am being retained as a juror in a mock jury exercise.

3.     I have been made aware of the Protective Order entered in the United States District Court for the Southern District of California on _____ in connection with the above-captioned action.  Specifically, I understand that, except for purposes of deliberations during the mock jury exercise, I have a legal obligation to hold in confidence and not to disclose or use any confidential information made available to me during the mock jury exercise.  I further understand that after the mock jury exercise is over, I am not to disclose to anyone any words, substances, summaries, abstracts or indices of any confidential information disclosed to me during the mock jury exercise.

4.     I understand that if I violate my confidentiality obligation, I may be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court, and potentially liable in a civil action for damages.

5.     The undersigned agrees to submit to the jurisdiction of the U.S. District Court for the Southern District of California (in San Diego) for the purpose of enforcement of his/her obligations set forth here.

Executed on:  _____     By:  _____
                                             (signature line)

                                       _____
                                       (type or print name of individual)


                                  Of:  _____
                                       (name of employer)

3

Case No. 07-CV-0747 H (CAB)
Ex B - PROTECTIVE ORDER