1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

| MULTIMEDIA PATENT TRUST, | CASE NO. 07-CV-0747 H (CAB) |
|---|---|
| Plaintiff, | |
| v. | **PROTECTIVE ORDER CONCERNING THE PRODUCTION OF ELECTRONIC SOURCE CODE PURSUANT TO JOINT MOTION BY MULTIMEDIA PATENT TRUST, LUCENT TECHNOLOGIES INC., MICROSOFT CORPORATION, GATEWAY, AND DELL, INC.** |
| MICROSOFT CORPORATION, GATEWAY INC., GATEWAY PROFESSIONAL LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC, GATEWAY DIRECT, INC., GATEWAY U.S. RETAIL, INC., and DELL INC., | |
| Defendants. | **[Doc. Nos. 154 & 159]** |
| MICROSOFT CORPORATION, GATEWAY INC., GATEWAY PROFESSIONAL LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC, GATEWAY DIRECT, INC., GATEWAY U.S. RETAIL, INC., and DELL INC., | |
| Counterclaimants, | |
| v. | |
| MULTIMEDIA PATENT TRUST, | |
| Counter-defendant. | |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4

MICROSOFT CORPORATION, GATEWAY INC., GATEWAY PROFESSIONAL LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC, GATEWAY DIRECT, INC., GATEWAY U.S. RETAIL, INC., and DELL INC.,

5                              Third-Party Plaintiffs

6              v.

7    LUCENT TECHNOLOGIES INC.

8                              Third-Party Defendant.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 07-CV-0747 H (CAB)

1    On December 7, 2007, the parties submitted an amended joint motion for protective order

2  concerning the production of electronic source code.  (Doc. No. 159.)  The Court has reviewed the

3  proposed form of the protective order and concludes that there is good cause to adopt it.

4  Accordingly, the Court orders as follows:

5    1.    Microsoft Corporation ("Microsoft"), Dell Inc. ("Dell"), Gateway Inc., Gateway

6  Professional LLC, Gateway Companies, Inc., Gateway Manufacturing LLC, Gateway Direct, Inc.,

7  Gateway U.S. Retail, Inc. (collectively, "Gateway"), Multimedia Patent Trust ("MPT"), and Lucent

8  Technologies Inc. ("Lucent") (each a "Producing Party") shall make all produced source code

9  available for inspection by the other parties to this litigation (each an "Inspecting Party") as

10  electronic source code.  "Electronic source code" means the electronic version of source code in the

11  form in which it is kept in the ordinary course of business by the owner, with directory structure,

12  file structure, and version control information intact, to the extent such information exists.

13    2.    The Producing Parties shall make the electronic source code available for inspection

14  on a secure computer located in a secure room at the following locations:

15      a.    In the case of electronic source code produced by MPT or Lucent, the secure

16  computer shall be located at the New York office of Kirkland & Ellis, 153 East 53rd Street, New

17  York, NY 10022;

18      b.    In the case of electronic source code produced by Microsoft, the secure

19  computer shall be located at the San Diego office of Fish & Richardson P.C., 12390 El Camino

20  Real, San Diego, CA 92130;

21      c.    In the case of electronic source code produced by Gateway, the secure

22  computer shall be located at the Austin office of Dechert LLP, 300 West 6th St., Suite 1850, Austin,

23  TX 78701; and

24      d.    In the case of electronic source code produced by Dell, the secure computer

25  shall be located at the Washington D.C. office of Arnold & Porter LLP, 555 Twelfth Street, NW,

26  Washington, DC 20004 or 401 9th Street, N.W., Washington, D.C . 20004.

27    3.    Each secure computer shall be configured as follows:

28

1           a.      Each secure computer shall, at a minimum, include a color video monitor, a

2 keyboard, a mouse, and an attached printer for printing electronic source code analyses. Each

3 secure computer shall also have installed the standard Microsoft Windows XP installation,

4 including the Wordpad and Notepad applications. The secure computer shall contain at a minimum

5 an Intel Pentium family processor with a 500 megahertz or higher processor clock speed, 256

6 megabytes of RAM, and sufficient hard drive space to accommodate the Windows XP installation,

7 the electronic source code, Microsoft Visual Studio and Microsoft SourceSafe. The Producing

8 Party shall act in good faith to ensure that its secure computer is fully functional before any

9 inspection.

10           b.      Each secure computer shall have the electronic source code stored on a hard

11 drive contained inside the secure computer.

12           c.      The Producing Party shall install Microsoft Visual Studio and Microsoft

13 Source Safe on each secure computer. The Producing Party will also install a directory print tool, a

14 file compare tool, and the following tools provided they may not be used to edit or alter the

15 electronic source code: vim, ctags, and grep. All software will be installed by the Producing Party.

16           d.      The Inspecting Party shall be entitled to print any source code searches or

17 analyses it may run on the secure computer using any installed software and take with it from the

18 secure room any such printouts. All such printouts must be Bates labeled and marked "Confidential

19 - Outside Counsel Only." The Producing Party may not read, review, or keep a copy of any such

20 printouts. Other than these searches and analyses, the Inspecting Party shall not print any electronic

21 source code.

22           e.      Each secure computer shall be configured so that no Producing Party or other

23 party may monitor or determine, directly or indirectly, (i) the portions of source code viewed by the

24 Inspecting Party or (ii) the parameters or results of any searches or analyses performed by the

25 Inspecting Party.

26           f.      Each secure computer shall be configured so that it will be unable to send or

27 receive email, and shall not have the ability to copy documents or information to a location outside

28 the secure computer, except for the printing of electronic source code searches and analyses per

    Case No. 07-CV-0747 H (CAB)

1    paragraph 3.d.  The Inspecting Party shall not attempt to send or receive email from the secure

2    computer, and shall not attempt to copy documents or information from the secure computer to a

3    location outside the secure computer, except for the printing of electronic source code searches and

4    analyses per paragraph 3.d.

5        4.      In the event that the Inspecting Party requests that the Producing Party produce

6    portions of the electronic source code to the Inspecting Party, the Inspecting Party shall identify

7    such portions to the Producing Party.  If the requested portions constitute 3000 or fewer pages, the

8    Producing Party shall provide to the Inspecting Party, within two business days of the day on which

9    the code is requested, a CD-ROM or DVD containing, in TIFF format with extracted text, copies of

10   the requested portions of the source code with production numbers.  If the requested portions

11   constitute more than 3000 pages, the Producing Party shall provide the Inspecting Party with the

12   requested copies at a rate of 3000 pages per business day (on a CD-ROM or DVD in TIFF format

13   with extracted text) starting on the second business day following the day on which the request was

14   made by the Inspecting Party.  Any source code files or portions of files produced in TIFF format

15   shall include an identification (by trade name, version number, directory name, and file name) of

16   the software to which the source code belongs.

17       5.      Each secure room shall be of reasonable size to accommodate comfortably six

18   people, and shall include a conference table and seating for six people.

19       6.      The Producing Party shall have the right to lock its secure room when the Inspecting

20   Party is not in it.

21       7.      Except for the Producing Party and its authorized representatives, only Outside

22   Litigation Counsel and Authorized Experts of the parties shall have access (as detailed in paragraph

23   9) to each secure room and the electronic source code contained on each secure computer.  Outside

24   Litigation Counsel and Authorized Experts shall only have access to each secure room and the

25   electronic source code contained on each secure computer for the purposes of this litigation and

26   shall not use the electronic source code for any other purpose.  The Inspecting Party shall not be

27   allowed to bring into the room any electronic storage media that is capable of being used to retrieve

28   and store the electronic source code, including cameras.  The Inspecting Party may, however, bring

Case No. 07-CV-0747 H (CAB)

1   into, and use in, the secure room cell phones (including cell phones containing a built-in camera),

2   Blackberries, laptops, or other similar devices.  The Inspecting Party shall not take photographs of

3   any electronic source code.

4         8.    The Inspecting Party must submit a current sign-in/sign-out log by email to the

5   Producing Party within one day after the inspection of the secure computer takes place identifying

6   the date and the names of all person who inspected the secure computer on that date.

7         9.    Each Inspecting Party shall designate up to a total of three (3) Authorized Experts to

8   access and utilize the Producing Party's secure room and electronic source code.  Only those

9   outside experts or consultants of an Inspecting Party who are permitted to review OUTSIDE

10   COUNSEL ONLY information under the requirements of the Stipulated Protective Order entered

11   by the Court, may be designated to serve as Authorized Experts.  Any such outside expert or

12   consultant who will be designated to serve as an Authorized Expert must sign the Confidentiality

13   Agreement attached as Exhibit A hereto before accessing any electronic source code stored on a

14   Producing Party's secure computer.  A copy of each signed Confidentiality Agreement shall be filed

15   with the Court and served on the other parties.  Upon filing and service of a signed Confidentiality

16   Agreement, the outside expert or consultant shall be an Authorized Expert authorized to access each

17   secure room and inspect the electronic source code stored on each secure computer.

18   Notwithstanding the foregoing, any expert may review and continue to review any source code

19   produced by a Producing Party from the secure computer in TIFF format without signing the

20   Confidentiality Agreement attached as Exhibit A, provided that such expert has complied with the

21   provisions of the Stipulated Protective Order entered by the Court.

22        10.    The Inspecting Party's Outside Litigation Counsel and its Authorized Expert shall be

23   entitled to inspect each secure computer and the electronic source code stored thereon during

24   normal business hours, 9 A.M. to 6 P.M. local time, Monday through Friday (excluding holidays),

25   and other days and/or times upon reasonable request.  The Inspecting Party shall provide the

26   Producing Party with at least 1½ business days' notice by email and facsimile to a designated

27   representative(s) that it will be sending its Authorized Expert and/or Outside Litigation Counsel to

28

Case No. 07-CV-0747 H (CAB)

1   review the electronic source code stored on the Producing Party's secure computer, including

2   identification of any such persons.

3         11.     No Producing Party or other party (including any of their employees, attorneys,

4   agents, or anyone else acting on their behalf) may be present in the secure room during any

5   inspection by the Inspecting Party's authorized representatives, and the secure room shall be free of

6   any listening or recording devices.

7         12.     At the start of each secure computer inspection, each Producing Party shall provide

8   the Inspecting Party with an up-to-date index of the electronic source code that is stored on its

9   secure computer, unless no new source code has been added to the source code computer, in which

10   case the Producing Party shall so advise the Inspecting Party.  The index shall identify by trade

11   name and version number each piece of software whose source code is stored on the secure

12   computer, and for each such piece of software shall identify the directories on the secure computer

13   in which the corresponding source code may be found.  At the start of each secure computer

14   inspection, each Producing Party shall also provide the Inspecting Party with an up-to-date list of all

15   software installed by the Producing Party on its secure computer.  The Producing Party shall not

16   remove any source code or software from its secure computer during the pendency of this litigation

17   (including any appeals).

18         13.     All electronic source code shall be designated as "OUTSIDE COUNSEL ONLY"

19   under the Stipulated Protective Order entered by the Court.  Access to the secure room or any

20   electronic source code shall be limited to Outside Litigation Counsel and Authorized Experts only.

21   Except for the Producing Party, none of parties' in-house counsel or patent prosecution counsel may

22   have access to any secure room or any electronic source code stored on any secure computer.

23         14.     Each Producing Party shall make its secure computer containing its electronic source

24   code available at trial and at depositions of persons authorized to review the source code, but the

25   Inspecting Party must give the Producing Party at least five business days' notice by email and

26   facsimile to a designated representative(s) that it would like the secure computer made available at

27   trial or at a deposition.

28

5

1    15.    This Order is subject to further court order based upon public policy or other

2  considerations and the Court may modify this Order *sua sponte* in the interests of justice.

3    16.    The terms of this Protective Order are specific to this case and entry of the Order

4  does not waive any of the parties rights in other cases.

5

6    The Court retains its authority to amend or vacate this protective order at any time for good

7  cause.

8    IT IS SO ORDERED.

9

10 Dated: December 10, 2007

11    _____
      Marilyn L. Huff, District Judge
12    United States District Court

13 COPIES TO:
14 All Parties of Record

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

1                              **EXHIBIT A**

2

3

4

5

6

7

8                 **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10 MULTIMEDIA PATENT TRUST,

11               Plaintiff,            Case No. 07-CV-0747 H (CAB)

12

13               v.               **CONFIDENTIALITY AGREEMENT**
**CONCERNING PRODUCTION OF**
14 MICROSOFT CORPORATION, GATEWAY **ELECTRONIC SOURCE CODE**
INC., GATEWAY PROFESSIONAL LLC,
GATEWAY COMPANIES, INC., GATEWAY
15 MANUFACTURING LLC, GATEWAY DIRECT,
INC., GATEWAY U.S. RETAIL, INC.,
16 and DELL INC.,

17            Defendants.

18 MICROSOFT CORPORATION, GATEWAY
19 INC., GATEWAY PROFESSIONAL LLC,
GATEWAY COMPANIES, INC., GATEWAY
20 MANUFACTURING LLC, GATEWAY DIRECT,
INC., GATEWAY U.S. RETAIL, INC.,
21 and DELL INC.,

22            Counterclaimants,

23              v.

24 MULTIMEDIA PATENT TRUST,

25            Counter-defendant.

26

27

28

1

2

3

4

5

6

7

8

MICROSOFT CORPORATION, GATEWAY INC., GATEWAY PROFESSIONAL LLC, GATEWAY COMPANIES, INC., GATEWAY MANUFACTURING LLC, GATEWAY DIRECT, INC., GATEWAY U.S. RETAIL, INC., and DELL INC.,

Third-Party Plaintiffs

v.

LUCENT TECHNOLOGIES INC.

Third-Party Defendant.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1              1.       The undersigned agrees that the undersigned will neither (a) divulge the contents of the Producing Party's electronic source code viewed by the undersigned to anyone not permitted to receive such contents under the Stipulated Protective Order entered in this case on November 8, 2007, nor (b) attempt to put to commercial use or personal gain any application of the Producing Party's electronic source code.  In addition, the undersigned agrees that the undersigned will only use the contents of any Producing Party's electronic source code in the strict context of the subject litigation.

              2.       Upon conclusion of the litigation, including any appeals, the undersigned agrees to destroy all notes and work product concerning any electronic source code of the Producing Party accessed by the undersigned on the secure computer or any other documents designed "Outside Counsel Only."  The undersigned further agrees to destroy any and all copies of such source code in his or her possession, custody, or control at that time.

              3.       The undersigned consents to the personal jurisdiction of this Court.

              4.       The undersigned declares under penalty of perjury that the undersigned has complied and will comply with all provisions of this Agreement.

Dated: _____

By:     _____
       (signature line)

       _____
       (type or print name of individual)

Of:     _____
       (name of employer

Case No. 07-CV-0747 H (CAB)
CONFIDENTIALITY AGREEMENT CONCERNING
PRODUCTION OF ELECTRONIC SOURCE CODE